1. Sir William, being once taken in execution in the C. B. and let at large on security, upon the writ of error, no new execution can issue, if he refuses to surrender himself in discharge of his securities. 16 H., 7, 2. 2 Ed., 4, 8. One condemned in London is sued by another in B., and comes to London *to attend to his suit, and is arrested on an execution and discharged by writ of privilege in the C. B. He cannot be taken again in London on the execution.
DODERIDGE and JONES, JJ., e contra. There is a difference where one is legally taken on an execution and afterwards discharged by a writ of error, and afterwards judgment is affirmed. A new capias does not lie against him, but execution shall be awarded against his securities, if he does not surrender himself. But here he never was legally in execution, for the execution was reversed; therefore, he may be taken again.
It is like the case where one recovers on a simple contract. If, after the judgment is reversed, he may sue again on the contract, though the action did not lie while the judgment was in force.
Richardson. The same distinction was taken in 2 E., 4, 16, in a case of mainprize. In the first, execution lies against the securities. But in the last, no execution can be against them.
DODERIDGE, J., Dyer, 60. One taken in execution is discharged by privilege of Parliament: when they rise, he may be taken again.
2. This was an al. capias where there was no capias before, but to this no answer was given.
3. The capias was in another county, and the judgment was in London.
4. He was taken on a capias, after the year, and in another court.
The court agreed to the resolutions in Garnon's case, 5 Rep., 88. The Common Bench cannot award a capias after the year, and the clerks said that the precedents were e contra; that he may be taken without a scire facias.
Banks moved that there was error, and the court ought to supercede thecapias, as in 35 H., 6, 45. Supersedeas quia erronice et improvide. *Page 770 Marget and Harvey. Action on the case in an inferior court, the first process was a capias and therefore the judgment was reversed. T., 2 Car. rot., 1478; Palm., 447, 445; Godb., 371.